Steven Franklin FRAZIER, Appellee,

v.

Glen WEATHERHOLTZ, Sheriff of
Rockingham County, Appellant.

Edward Allen DOOLEY, Appellee,

v.

C. C. SHEFFER, Superintendent, and
Andrew Miller, Attorney General of
the State of Virginia, Appellants.

Nos. 76–1511 and 76–2428.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 15, 1977.

Decided Feb. 27, 1978.

Linwood T. Wells, Jr., and Jerry P. Slonaker, Asst. Attys. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen., and Reno S. Harp, III, Deputy Atty. Gen., Richmond, Va., on brief) for appellants in 76–1511 and 76–2428.

Johnson Kanady for appellee in 76–2428.

M. Bruce Wallinger, Harrisonburg, Va., for appellee in 76–1511.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

FIELD, Senior Circuit Judge:

In each of these appeals the State of Virginia challenges the grant of habeas corpus relief by the district court based upon its conclusion that the instructions of the trial courts were violative of due process under the Supreme Court's decision in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

Following oral argument, disposition of these cases was deferred pending the decision of the Supreme Court in *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), on the issue of the retroactivity of *Mullaney*,[1] and the decision

1. The issue of retroactivity was, of course, resolved against the State by the Court's decision in *Hankerson*.

of the Supreme Court of Virginia in *Hodge v. Commonwealth*, 217 Va. 338, 228 S.E.2d 692 (1976). Thereafter the cases were consolidated for reargument in the light of *Hankerson* and *Hodge*, as well as the Supreme Court's decision in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

### No. 76–1511

The petitioner, Steven Franklin Frazier, was tried in the Circuit Court of Rockingham County, Virginia, upon a charge of first degree murder. The trial court instructed the jury at some length in regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt. With respect to self-defense the jury was instructed as follows:

> The court instructs the jury that where a killing is proved by the use of a deadly weapon, and the accused relies upon the plea of self defense, the burden of proving such defense rests upon the accused; the burden resting upon an accused relying upon the right of self defense is to establish such defense, not beyond a reasonable doubt, nor even by the greater weight of the evidence, but only to the extent of raising in the minds of the jury a reasonable doubt as to whether or not he acted in the lawful exercise of such right. And, in determining whether or not such defense has been established, the jury should consider all of the evidence and circumstances in the case, that for the Commonwealth as well as that for the accused.

The jury found Frazier guilty of voluntary manslaughter and he was sentenced to a five year term of imprisonment.

Frazier filed a petition for a writ of error in the Supreme Court of Virginia contending, *inter alia*, that the trial court's instruction improperly cast upon him the burden of proof with respect to self-defense.[2] On August 4, 1975, the Virginia court denied the petition and affirmed Frazier's conviction. Thereafter, Frazier filed his petition for habeas corpus in the district court and on March 16, 1976, the court granted habeas corpus relief. In doing so, the district court concluded that the instruction challenged by the petitioner ran afoul of the constitutional principle enunciated by the Court in *Mullaney*. The court further concluded that *Mullaney* should be given retroactive effect.[3]

When these cases were set down for reargument counsel and the court assumed that the decision of the Supreme Court of Virginia in *Hodge v. Commonwealth, supra,* would bear significantly upon our disposition of Frazier's case. In *Hodge*, the court addressed itself to the impact of *Mullaney* upon the Virginia rule that every unlawful homicide is presumed to be murder of the second degree and that the defendant has the burden of showing circumstances of mitigation or excuse. The court distinguished Virginia's use of presumptions from *Mullaney*, and concluded that the instruction customarily used by Virginia trial courts in homicide cases does not shift the burden of persuasion to the accused. This reading of the instruction would appear to be compatible with *Mullaney* and, absent some exceptional circumstances, should be accepted by us. *Mullaney v. Wilbur*, 421 U.S., at 691, 95 S.Ct. 1881.

While we think that the instruction challenged by Frazier passes constitutional muster under *Hodge* and *Mullaney*, we find it unnecessary to rest our decision on that basis, since in our opinion *Patterson v. New York, supra,* is dispositive of this case. In *Patterson* the Court went to some lengths

---

**2.** At trial Frazier's counsel objected to the instruction, and in his petition for writ of error raised both state and federal grounds for concluding that the challenged instruction was improper. With respect to the federal ground, the petition cited *Wilbur v. Mullaney*, 496 F.2d 1303 (1 Cir. 1974). The Supreme Court's affirmance of that decision, *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), was announced subsequent to the filing of the petition and was apparently cited by Frazier's counsel in oral argument before the Virginia Court.

**3.** *Frazier v. Weatherholtz*, 411 F.Supp. 349 (W.D.Va.1976).

to point out the limited contours of *Mullaney* and held that the mandate of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), was satisfied when the state proved beyond a reasonable doubt "every fact necessary to constitute the crime with which [Patterson was] charged." 432 U.S., at 206, 97 S.Ct., at 2324. The Court then affirmed the continuing validity of *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), and upheld the constitutionality of the New York law which cast upon the defendant the burden of proving his affirmative defense of "extreme emotional disturbance" by a preponderance of the evidence. In doing so the Court stated:

We thus decline to adopt as a constitutional imperative, operative country-wide, that a State must disprove beyond reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the non-existence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.

432 U.S., at 210, 97 S.Ct., at 2327.

Long before *Winship*, the universal rule in this country was that the prosecution must prove guilt beyond reasonable doubt. At the same time, the long-accepted rule was that it was constitutionally permissible to provide that various affirmative defenses were to be proved by the defendant. This did not lead to such abuses or to such widespread redefinition of crime and reduction of the prosecution's burden that a new constitution-

al rule was required. This was not the problem to which *Winship* was addressed. Nor does the fact that a majority of the States have now assumed the burden of disproving affirmative defenses—for whatever reasons—mean that those States who strike a different balance are in violation of the Constitution. (Footnotes omitted).

432 U.S., at 211, 97 S.Ct., at 2327.

■ Since the trial court's instruction on self-defense in Frazier's case was well within the limits of *Patterson*, the district court erred in concluding that it was constitutionally infirm. Accordingly, the judgment of the district court granting habeas corpus relief is reversed.

No. 76–2428

The petitioner, Edward Allen Dooley, was tried in the Circuit Court of Bedford County, Virginia, upon a charge of second degree murder. The trial court charged the jury on the prosecution's burden of proving guilt beyond a reasonable doubt and, in accordance with Virginia law, instructed the jury as follows:

The Court instructs the Jury that:

(a) Every unlawful homicide is presumed to be murder in the second degree.

(b) In order to reduce an unlawful homicide from murder in the second degree to manslaughter or excusable homicide, the burden is upon the defendant.

(c) It is your duty to consider all of the testimony, no matter by whom introduced, and ascertain therefrom if the defendant is guilty or innocent, and if guilty, of what offense.

The jury found Dooley guilty of second degree murder.

Dooley's petition for a writ of error was denied by the Supreme Court of Virginia on April 19, 1974. A subsequent petition for a writ of habeas corpus was denied by the Circuit Court of Bedford County, and on June 24, 1975, his appeal from that ruling was dismissed by the Supreme Court of Virginia. Dooley then filed his petition for habeas corpus in the district court, charg-

ing, among other things, that the instructions of the trial court improperly placed upon him the burden of proof in violation of the principle of due process expressed in *Mullaney*. The district court agreed with Dooley on the *Mullaney* issue and granted habeas corpus relief.

Dooley's petition came on for consideration subsequent to the Virginia court's decision in *Hodge*. The district judge did not question the distinction drawn in that case between the Virginia instructions and those in *Mullaney*, but observed that the instructions in Dooley's case imposed "without further elaboration, a burden upon the accused to reduce the crime from murder in the second degree to manslaughter," and that as a whole they did not clarify the point at which such a burden attached nor distinguish it from the ultimate burden resting upon the State. Accordingly, he concluded that "[t]he distinction between the burden of going forward and the ultimate burden of proof, drawn in *Hodge, supra*, is not made in these instructions, and thus does not serve to cure this misplacing of the ultimate burden of proof."

■ Based upon our examination of the instructions in their entirety we are also inclined to question whether they square with *Hodge* or comport with *Mullaney*. However, we find it unnecessary to resolve these questions since, in our opinion, Dooley's right to habeas corpus review is barred under the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (June 23, 1977). Unlike Frazier's case, Dooley's attorney did not object to any of the trial court's instructions despite the fact that Rule 3A:23(c) of the Virginia Supreme Court Rules requires that objections to instructions be made before the court instructs the jury.[4] The failure of Dooley's counsel to comply with this procedural rule precluded appellate review of the instructions since Rule 5:7 of the Virginia Rules provided that the Supreme Court of Virginia "will not notice any objection requiring a ruling of the trial court unless the ground of objection was stated with reasonable certainty at the time of the ruling  *  *  *."[5] The Virginia court has consistently interpreted these Rules, together with their predecessors, as requiring a contemporaneous objection to a trial court's instructions. See *Whitley v. Patterson*, 204 Va. 36, 129 S.E.2d 19 (1963); *Hale v. Commonwealth*, 165 Va. 808, 183 S.E. 180 (1936); *Nelson v. Commonwealth*, 153 Va. 909, 150 S.E. 407 (1929). In our opinion this failure of his counsel to comply with the Virginia Rules brings Dooley squarely within *Sykes* and bars him from habeas corpus relief.

The petitioner in *Sykes* sought federal habeas corpus relief, challenging the admission into evidence of certain inculpatory statements in his Florida state trial. The Florida courts had refused to consider the merits of the petitioner's claim because of his admitted failure to comply with the Florida Rules of Criminal Procedure requiring that a motion to suppress such a statement be made prior to trial. The district court's grant of habeas corpus relief was affirmed by the Fifth Circuit upon its conclusion that the failure to comply with the

---

**4.** Rule 3A:23 reads in pertinent part as follows:

(a) *Giving of Instructions.*—In a felony case, the instructions shall be reduced to writing. In all cases the court shall instruct the jury before arguments of counsel to the jury.

(b) *Proposed Instructions.*—If directed by the court the parties shall submit proposed instructions to the court at such reasonable time before or during the trial as the court may specify and, whether or not proposed instructions have been submitted earlier, the parties may submit proposed instructions at the conclusion of all the evidence.

(c) *Objections.*—Before instructing the jury, the court shall advise counsel of the instructions to be given and shall give counsel the opportunity to make objections thereto. Objections shall be made out of the presence of the jury, and before the court instructs the jury unless the court grants leave to make objections at a later time.

This Rule was adopted November 22, 1971, effective January 1, 1972, and appears in Vol. 2. Code of Virginia, at 624.

**5.** Rule 5:7 was in effect at the time of Dooley's trial, and the content thereof now appears in Rule 5:21 which became effective September 1, 1976, and appears in Vol. 2, Code of Virginia, at 694.

Rule would bar review of the suppression claim only where the right to object had been deliberately bypassed for trial tactical reasons. In reversing the judgments of the lower courts the Supreme Court said:

> We therefore conclude that Florida procedure did, consistently with the United States Constitution, require that petitioner's confession be challenged at trial or not at all, and thus his failure to timely object to its admission amounted to an independent and adequate state procedural ground which would have prevented direct review here. See *Henry v. Mississippi*, 379 U.S. 442, [85 S.Ct. 564, 13 L.Ed.2d 408] (1965). We thus come to the crux of this case. Shall the rule of *Francis v. Henderson* [425 U.S. 536, [96 S.Ct. 1708, 48 L.Ed.2d 149] (1976)] barring federal habeas review absent a showing of "cause" and "prejudice" attendant to a state procedural waiver, be applied to a waived objection to the admission of a confession at trial? We answer that question in the affirmative. (Footnote omitted).

433 U.S. at 86–87, 97 S.Ct., at 2506.

Our conclusion that Dooley's claim is barred by independent and adequate state procedural grounds is buttressed by an observation of the Court in *Hankerson v. North Carolina, supra.* In commenting upon the impact of its conclusion that the rule in *Mullaney* was retroactive, the Court stated:

> Moreover, we are not persuaded that the impact on the administration of justice in those States that utilize the sort of burden-shifting presumptions involved in this case will be as devastating as respondent asserts. If the validity of such burden-shifting presumptions was as well settled in the States that have them as respondent asserts, then it is unlikely that prior to *Mullaney* many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. Petitioner made none here. The North Carolina Supreme Court passed on the validity of the instructions anyway. The States, if they wish, may be able to insulate past convictions by enforcing the

normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, *e. g.*, Fed.Rule Crim.Proc. 30.

432 U.S. at 244, n. 8, 97 S.Ct., at 2345, n. 8.

Since we conclude that Dooley was barred from habeas corpus relief, the order of the district court is reversed.

*NO. 76–1511—REVERSED.*

*NO. 76–2428—REVERSED.*