James R. PORTER, Petitioner,

v.

Commissioner William D. LEEKE, as Director of the South Carolina Department of Corrections, Respondent.

Civ. A. No. 78–16.

United States District Court,
D. South Carolina,
Rock Hill Division.

Aug. 28, 1978.

Palmer Freeman, Jr., Fort Mill, S.C., for petitioner.

Emmet H. Clair, Katherine W. Hill, Asst. Attys. Gen., Columbia, S.C., for respondent.

## 254

### ORDER

**BLATT, District Judge.**

Petitioner in this habeas corpus action was tried on charges of assault and battery with intent to kill, and convicted of the lesser included offense of assault and battery of a high and aggravated nature. The facts surrounding the incident are cogently set out in the opinion of the Supreme Court of South Carolina in *State v. Porter*, S.C., 239 S.E.2d 641, 642 (1977):

"Appellant, a North Carolina resident, owns land in Lancaster County, South Carolina, where he raises pigs. On September 20, 1975, he drove to Lancaster County investigating a report that two of his pigs had escaped from their pen and in the course of his search, he entered the property of Harry Slagle. Slagle and his guests, including James Moore and Emmett Williams, who were all strangers to appellant, disavowed any knowledge of the missing pigs. Appellant, nevertheless, persisted to return to Slagle's property at least several times despite warnings by Slagle accompanied by threatening gunshots.

Appellant returned to Slagle's home one final time with his son-in-law, Donnie Sanders. This confrontation resulted in an exchange of gunfire in which Moore was severely wounded and Slagle slightly grazed. The prosecuting witnesses testified that appellant initiated the gunfire while the appellant contended that he shot in self-defense only after Slagle began shooting."

After trial, petitioner's motion for a new trial based on after discovered evidence—(the recantation of two prosecution witnesses)—was denied, and such denial was affirmed on appeal. The main issue raised in the habeas corpus petition concerns the trial judge's charge to the jury on self-defense.[1] Two inquiries are relevant to this issue:

(1) Did the trial judge's charge violate federal constitutional standards concerning the shifting of the burden of proof in state criminal prosecutions of an "affirmative defense"?

(2) Did the defendant waive his right to complain of any erroneous instructions by failure to object at trial?

■■■ A preliminary consideration in this, as in all federal habeas corpus actions, is the presence of exhaustion of state remedies. Although the petitioner did not raise the *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) issue on direct appeal, the South Carolina Supreme Court has recently held that self-defense is an affirmative defense and that the defendant can be required to prove the defense by a preponderance of the evidence. *See, State v. Atchison*, S.C., 235 S.E.2d 294, 299 (1977). In view of the recent reaffirmation of this view by the highest court in this state, it would appear to serve no purpose to "require the doing of a futile act, and if it is obvious that the state courts will afford no relief, a petitioner is not obligated to go through a needless state court proceeding", *Ham v. State of North Carolina*, 471 F.2d 406, 407 (4th Cir. 1973). Therefore, although the "fallout" from *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44

---

1. The issues surrounding the burden of proof in a criminal case and the related theory of presumption of innocence—(*Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978))—while recently much in debate, have their genesis in ancient jurisprudence. Perhaps one of the earliest expositions of the two viewpoints, simply, but lucidly stated, is recounted by the United States Supreme Court in *Coffin v. United States*, 156 U.S. 432, 455, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1894), which recalls the following ancient tale:

"Ammianus Marcellinus relates an anecdote of the Emperor Julian which illustrates the enforcement of this principle in the Roman law. Numerius, the governor of Narbonensis, was on trial before the emperor, and, contrary to the usage in criminal cases, the trial was public. Numerius contented himself with denying his guilt, and there was not sufficient proof against him. His adversary, Delphidius, 'a passionate man,' seeing that the failure of the accusation was inevitable, could not restrain himself, and exclaimed, 'Oh, illustrious Caesar! if it is sufficient to deny, what hereafter will become of the guilty?' to which Julian replied, 'If it suffices to accuse, what will become of the innocent?'"

L.Ed.2d 508 (1975) intensifies every week, it appears that the South Carolina Supreme Court has authoritatively spoken on the precise issue to be considered here, and no further exhaustion is necessary.

Perhaps no recent series of United States Supreme Court criminal decisions has sparked as much debate, upheaval and actual confusion as *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); and *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).

In spite of *Patterson's* apparent dilution of the force of *Mullaney*, recent state and federal court opinions are nearly unanimous in their view that self-defense, while an "affirmative plea", is not a "true" affirmative defense; *i. e.*, while a defendant may be required to raise the issue of self-defense by some evidence, once such issue is raised, the prosecution must prove beyond a reasonable doubt that the crime charged was not committed in self-defense. The rationale behind this view is that since an essential element of most crimes, as defined by statute or common law, is that an act to be criminal must be "unlawfully" done, and since an act done in self-defense is, by definition, "lawful", the prosecution must prove the absence of self-defense in order to prove an essential element of the crime, that is, unlawfulness. The obverse of the statement is more easily stated, *viz*, to require the defendant to prove self-defense—(lawfulness)—would relieve the prosecution from proving an essential element of the crime charged—(unlawfulness). While a complete litany of the cases requiring the prosecution to disprove self-defense, once raised, would require excessive time and be outdated as soon as written, a sampling of recent opinions amply conveys the moods of courts across the country: *Commonwealth v. Collins*, 373 N.E.2d 969 (S.Ct.Mass.1978) —[when defendant raises issue of self-defense, state must disprove it beyond a reasonable doubt]; *Commonwealth v. Lynch*, 477 Pa. 390, 383 A.2d 1263 (1978); *Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088

(1977)—[error for judge to charge that "commonwealth did not have to disprove self-defense"]; *Squire v. State*, 280 Md. 132, 368 A.2d 1019 (1977) [state concedes that instruction placing burden of proving self-defense on defendant by a preponderance of the evidence violates federal constitutional standards]; *State v. Columbus*, 258 N.W.2d 122 (S.Ct.Minn.1977)—[burden on state to satisfy jury beyond a reasonable doubt that the killing was not justified, defendant only has burden of going forward with evidence to support his claim]; *State v. Rowe*, 33 N.C.App. 611, 235 S.E.2d 873 (1977) *appeal dismissed*, 293 N.C. 364, 237 S.E.2d 851 (1977) [instruction placing burden on defendant to prove self-defense violates *Mullaney* and *Hankerson*]; *People v. Banks*, 67 Cal.App.3d 379, 137 Cal.Rptr. 652 (3rd Dist. 1976) [prosecution must under *Mullaney* prove the absence of justification, here self-defense, when the issue is properly presented]; *People v. Allen*, 76 Cal.App.3d 748, 143 Cal.Rptr. 164 (3rd Dist. 1978) [an instruction requiring the prosecution to disprove self-defense does not have to be given *sua sponte*, a proper request is needed]. Additionally, recent federal cases support the view of the overwhelming majority of state cases, *see, e. g., United States v. Jackson*, 569 F.2d 1003 (7th Cir. 1978 *reh. denied* March 6, 1978)—[failure to advise jury, if proper objection made, that government must prove that defendant did not act in self-defense is error]; *United States v. Corrigan*, 548 F.2d 879 (10th Cir. 1977)—[government must establish beyond a reasonable doubt that defendant did not act in self-defense]. In this circuit, recent case law has not been completely lucid as to the prevailing view concerning the scope and particulars of a trial judge's instructions involving self-defense. *Compare, Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978) and *Maxey v. Martin*, (Unpub. 4th Cir., 76–8265, June 5, 1978), with *Cole v. Stevenson*, 447 F.Supp. 1268 (E.D.N.C.1978). In *Frazier v. Weatherholtz, supra*, the Fourth Circuit Court of Appeals upheld the challenged instructions against a due process

attack "rather cryptically",[2] and with a long citation from *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) appeared to take the position that the defendant may indeed be required to retain the burden of proof as to self-defense. However, since the court alternately held that no unconstitutional shifting of burdens of proof was present in the judge's trial instructions in any event—(*Id.* at 995) —the force of the *Frazier v. Weatherholtz* precedent is uncertain. In *Maxey v. Martin*,[3] *supra*, the court similarly adopted a two-tier approach, affirming the jury instruction not only because it failed to shift the burden of proof on guilt, but, also, as apparently in line with its view of *Patterson v. New York*, that the defendant may retain the burden of proof on self-defense. The entire discussion of this principle was, as follows:

> "First, petitioner challenges the trial court's instruction which placed the burden on the defendant to establish the affirmative defense of self-defense by a preponderance of the evidence. The court amplified this instruction, however, by explaining:
>
>> . . . still if you have any reasonable doubt as to whether or not the plea has been made out, you must give the defendant the benefit of that reasonable doubt and acquit him. Notwithstanding the plea of self-defense, the State must make out every material element in the case and if on the consideration of the entire testimony you have any reasonable doubt of the guilt of the accused, it would be your duty to acquit him.

Read as a whole, the instruction correctly places the full burden of proof of guilt on the State. In *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir., 1978), we held that *Mullaney* does not reach so far as to require the State to prove the non-existence of all affirmative defenses. *See also, Patterson v. New York*, 432 U.S. 197 [97 S.Ct. 2319, 53 L.Ed.2d 281] (1977). Consequently, we find no error in the court's instruction on self-defense." *Slip op.* at 2–3.

As can thus be seen, the Fourth Circuit has not yet been confronted with a clear cut "shifting of burdens" case—(since in both the above cases, no shifting was found)—and it has not yet been required to unequivocally hold that it is proper to force the defendant to bear the burden of proof on the issue of self-defense. The United States District Court for the Eastern District of North Carolina recently concluded that an instruction which requires the accused to prove by a preponderance of the evidence that he acted in self-defense effectively allows the state to avoid its burden of proof as to "unlawfulness" and is, therefore, invalid as applied to a murder conviction. *Cole v. Stevenson*, 447 F.Supp. 1268 (E.D.N.C.1978).

Faced with the overwhelming authority from other jurisdictions, but cautioned by the recent decisions of this circuit's Court of Appeals, this court must undertake an examination of the challenged instruction here to determine whether, in the first instance, it shifted the burden of proving guilt from the state. It is, thus, necessary to detail the portions of the challenged instruction that go to the burden of proof.

---

**2.** The characterization, by the North Carolina District Court, (447 F.Supp. 1268) is appropriate in view of several readings of *Frazier v. Weatherholtz*.

**3.** Although this court recognizes that citation of unpublished opinions as precedent runs afoul of Local Rule 18, because of the importance of *Maxey v. Martin*, to the present case and the identical language contained in that charge and the present charge construing South Carolina law, this court has determined that it could not overlook the case. The court does not foreclose the possibility that it might have reached a different result on the *Mullaney*

issue in the absence of *Maxey v. Martin*. However, when confronted with an unpublished opinion squarely in point, this court feels, as does Judge Herbert J. Stern (D.N.J.) that, when a district judge is aware of such an unpublished opinion

> ". . . What is the judge to do? Refuse to read it? Read it but ignore it? The fact is, of course, that even if the Circuit Court itself refuses to be bound by unpublished opinions, it is quite another thing for a district judge to take the same position." 64 *A.B.A. Journal* 12 (August 1978).

After the trial judge informed the jury of the general nature of the charges against the defendant, he explained the State's burden of proof in the following language:

"To this charge, and to these charges, and to this indictment, the defendant Mr. Porter has plead not guilty. This plea of not guilty by the defendant places the burden of proof on the State to prove by evidence the guilt of the defendant beyond a reasonable doubt before you, the jury, can find the defendant guilty." Tr. at 198.

\* \* \* \* \* \*

"I charge you that the defendant is entitled to every reasonable doubt arising in the whole case or arising in any defenses asserted by the defendant. If upon any issue of fact essential to conviction or a verdict of guilty you have a reasonable doubt as to how that issue should be resolved, it would be your duty to resolve that reasonable doubt in favor of the defendant.

The defendant, ladies and gentlemen, is not required to prove his innocence but the State is required in law to prove every essential element of the offense charged against the defendant by evidence which satisfies you, the jury, of the guilt of the defendant beyond a reasonable doubt before you can convict the defendant and find him guilty.

"If then upon the whole case you have a reasonable doubt as to the guilt or innocence of the defendant, he is entitled to that reasonable doubt and would be entitled to an acquital (sic) and the verdict of not guilty.

Likewise, if you have a reasonable doubt as to whether or not the defendant has made out his defenses, then he would be entitled to that reasonable doubt and would be entitled to an acquital (sic) and the verdict of not guilty. But on the other hand, if upon the whole case you find that the State has proved by evidence which satisfies you, the jury, of the guilt of the defendant beyond a reasonable doubt, then in such circumstance it would equally be your duty to convict the defendant and find him guilty." Tr. 199–200.

\* \* \* \* \* \*

"If you find the defendant guilty but you have a reasonable doubt as to whether or not the defendant is guilty of the greater crime charged or the lesser crime charged, then you would resolve that reasonable doubt in favor of the defendant and write a verdict of guilty as to the lesser charge. But, of course, you could not write a verdict of guilty to any charge unless as to that charge you find all elements of the charge have been proved by the State beyond a reasonable doubt." Tr. at 201.

After this discourse, the trial judge reached the specific matter concerning this court.

"I now charge you the law of self defense. The law recognizes the right of every person to defend himself from death or serious bodily harm. To do this, he may use such force as is necessary even to the point of killing his adversary. In other words, Madam Forelady, and ladies and gentlemen, I charge you that self defense is a good defense and it entitles one charged with unlawful homicide or unlawful assault and battery with intent to kill to acquittal if the legal elements of the plea of self defense are shown by the evidence." Tr. at 206.

"I further charge you, Madam Forelady, and ladies and gentlemen, that self defense is an affirmative defense. The burden is on the defendant to establish the defense of self defense by the preponderance or greater weight of the evidence but not beyond a reasonable doubt. Preponderance or greater weight of the evidence is not determined by the quantity of the evidence nor are there any scales to weigh the evidence except your own reason and judgment. It is a mental process. That evidence weighs which convinces you of the truth, whether it comes from a witness or witnesses for the State or a witness or witnesses for the defendant.

I charge you further that while the plea of self defense must be established by the preponderance or greater weight of the evidence, still if you have any reasonable doubt as to whether or not the plea of self defense has been proved, you must give the defendant the benefit of that doubt and acquit him.

"And not withstanding the plea of self defense, the State is still required to prove beyond a reasonable doubt every element of the offense. If upon the whole case, you have a reasonable doubt as to the guilt of the defendant, it would be your duty to acquit him." Tr. 208–209.

■ A side-by-side comparison of the language from the instruction approved in *Maxey v. Martin* (Unpub. # 76–8265 4th Cir., June 5, 1978) *slip op.*, at 2–3, quoted at page 256 *supra*, with the final paragraph from the trial judge's instruction quoted above, reveals them to be almost identical. Based on this case and the repeated statements in the trial judge's charge that the State bore the burden of proof as to the essential elements of the offense charged (Tr. 198, 200, 201, 209), this court feels that the charge in question *as a whole* did not unconstitutionally shift the burden of proof to the defendant on the issue of self-defense. While the most potentially damaging language to the defendant in the instant charge is contained on page 208 of the transcript, the absolving language relied on in *Maxey v. Martin* immediately follows that paragraph, and is the last detailed instruction pertaining to burden of proof that the jury heard. However, following that explanation on page 209, the trial judge did conclude his charge on the substantive law with the following:

"Of course, if the State has failed to satisfy you of the guilt of the defendant as to assault and battery with intent to kill or of the lesser included offense of assault and battery of a high and aggravated nature, *or if the plea of self defense has been made out,* you will find the defendant not guilty." Tr. 215–216 (emphasis added).

While the emphasized clause could detract from the force of the previously cited language placing the burden of proving all essential elements of a charge on the State, it is unlikely that this short phrase, inserted among language favorable to the accused would vitiate the admonitory character of the language quoted on page 209 of the transcript. Thus, this court concludes that the challenged charge did not violate *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

■ The second tier of the Fourth Circuit Court of Appeals' analysis requires application of the holding in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). As stated before, although the weight of recent authority is to the contrary, it appears to be the law, as far as this court must apply it, that in this circuit a defendant may be required to bear the burden of proof by a preponderance of the evidence on the issue of self-defense. This is the alternate holding of both *Frazier v. Weatherholtz, supra,* and *Maxey v. Martin,*[4] *supra.* These cases have recently been relied upon by the distinguished Chief Judge of this district whose expertise in the field of criminal law is, in this court's opinion, unequaled by any trial court in our entire country, in denying habeas corpus

---

4. The defendant in *Frazier* was convicted of voluntary manslaughter under Virginia law (411 F.Supp. 349, 350 (W.D.Va.1976)), and in that state homicide arising out of heat of passion but *without "further justification"* (such as self-defense) is voluntary manslaughter. *Wilkins v. Commonwealth,* 176 Va. 580, 11 S.E.2d 653, 654 (1940). In *Maxey,* the conviction was for murder under South Carolina law, which in this state requires malice aforethought (S.C.Code § 16–3–10). Malice has been defined by the State Supreme Court as a "term implying wickedness and *excluding a just cause or excuse." State v. Fuller,* 229 S.C. 439, 93 S.E.2d 463 (1956). In both these instances, since self-defense appears to negate an element of the crime charged, under *Patterson v. New York,* it could be argued that the burden of "disproof" on this element should lie on the State. For a case diametrically opposed to *Maxey v. Martin, see, Berrier v. Egeler,* 428 F.Supp. 750 (E.D.Mich.1976), aff'd 583 F.2d 515.

relief on the identical issue herein involved. *Kirkland v. Leeke*, (# 76–1035 D.S.C. 7/21/78, Martin, C. J.). Based on this authority, it is unnecessary for this court to delve into the nuances of *Patterson v. New York*, although in passing it may be said that the opinions of several of the cases holding a view opposite from that of this circuit deserve careful reading. Ultimately, the United States Supreme Court will be required to settle the maelstrom generated by its two opinions separated in reasoning by "a barely visible space", *Patterson v. New York*, 97 S.Ct. 2319, 2333 (Powell, J., dissenting).

 Similarly, it is presently unnecessary to decide whether habeas corpus review would be barred in this case due to counsel's failure to object on constitutional grounds at trial [5] to the instructions on self-defense. In *Hankerson v. North Carolina*, 97 S.Ct. 2339, 2345 n.8 (1977), the Supreme Court indicated that the failure of counsel to object to instructions at trial *could* bar habeas corpus relief under the rule of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Fourth Circuit Court of Appeals followed the Supreme Court's suggestion in the companion case to *Frazier v. Weatherholtz*, namely,

*Dooley v. Sheffer*, 572 F.2d 994 (4th Cir. 1978). This position was also adopted by Chief Judge Martin in *Kirkland v. Leeke*, *supra*. For the present, these authorities answer the question as far as this court is concerned, but it is worthwhile to note that this issue has, also, divided the nation's courts. In *Commonwealth v. Collins*, 373 N.E.2d 969 (S.Ct.Mass.1978) and *State v. Gideons*, 52 Ohio.App.2d 70, 368 N.E.2d 67 (1977), these courts held that it is the duty of the court to instruct correctly on the law, and a lack of objection by counsel does not waive a fundamental error such as an erroneous burden of proof charge. Similarly, in *United States v. Jackson*, 569 F.2d 1003, 1010 (7th Cir. 1978), the court held that a defect in a jury instruction which was "plain error" did not require counsel's objection to preserve it for review—(although in the circumstance there no plain error was found). The Fourth Circuit Court of Appeals had earlier adopted a similar view in *United States v. Curry*, 512 F.2d 1299, 1303 (4th Cir. 1975). Apparently, after *Frazier v. Weatherholtz*, an erroneous self-defense instruction would not amount to "plain error", so that an objection would be necessary to preserve the question both for state appellate [6] and habeas corpus review.[7]

5. Counsel here asked the court for an additional instruction on transferred self-defense which was refused but did not object to the allocation of burden of proof. In fact, the colloquy of counsel makes it clear that he was of the opinion that the defendant had the burden of proof on the issue. For instance, in speaking to the court about his requested charge, counsel said: "Assuming that the jury believes that we have made out a defense of self-defense, that we were in fact intending to shoot Mr. Slagle, but that we were justified in doing so . ." (Tr. at 225).

6. This is the law in South Carolina state courts. In *State v. Williams*, 266 S.C. 325, 223 S.E.2d 38 (1976), the court held that the right of a defendant to have the law declared correctly is waived by failing to object to an erroneous jury instruction.

7. Since this court, following the dictates of the Fourth Circuit Court of Appeals, has held that the challenged charge does not shift the burden of proof on any essential element of the crime charged away from the State (*Maxey v. Martin*), nor does it violate the Constitution to require the defendant to prove self-defense by a

preponderance of the evidence (*Frazier v. Weatherholtz* construing *Patterson v. New York*), it is unnecessary, except in passing, to note that the failure of counsel to object to an erroneous instruction may not *always* bar habeas corpus review. Although the court in *Dooley v. Sheffer*, 572 F.2d 994 (4th Cir. 1978) did hold that counsel's failure to object at trial barred habeas corpus review, apparently, the court did not consider the novel proposition, advanced by several courts and commentators, that the failure to object by counsel might itself be "cause", and result in sufficient "prejudice" to allow habeas corpus review under the *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) express exception. *See, Sincox v. U.S.*, 571 F.2d 876 (5th Cir. 1978)— [ineffective assistance of counsel is sufficient "cause" to allow habeas corpus review notwithstanding failure to object to non-unanimous verdict]; *Jiminez v. Estelle*, 557 F.2d 506 (5th Cir. 1977)—[failure to object to introduction of prior uncounselled convictions if due to counsel's incompetence may be "cause"], *Cole v. Stevenson*, 447 F.Supp. 1268, 1273 (E.D.N.C. 1978)—[failure of counsel to object to burden of proof instruction which failure resulted ei-

## CONCLUSIONS

In summary, this court has concluded that:

(1) The challenged instruction when read as a whole did not unconstitutionally shift the burden of proof of guilt from the State.

(2) There is presently in this circuit no appellate authority which prevents placing on the defendant the burden of proof on the issue of self-defense.[8]

(3) The defendant is barred from raising a constitutional challenge to the trial instructions in any event by his failure to object to the instructions at trial on that ground. In view of the decisions in this circuit, no incompetence of counsel was shown by failing to object to a charge which is presently sustainable under recent precedents.

For the foregoing reasons[9], the petition for habeas corpus is denied.

AND IT IS SO ORDERED.

ther from counsel's ignorance of the law *or* the fact that the law had not developed to the point where an objection would normally have been expected is sufficient cause to allow habeas corpus review]. While this court is not required to confront the issue here, it is worthwhile to note that an extension of the "cause-prejudice" standard to situations involving inaction by counsel *not* rising to the level of malpractice would seem to emasculate the contemporaneous objection rule entirely. Every time a defendant's attorney failed to object to a jury instruction—(thus, presumptively barring habeas corpus under *Wainwright v. Sykes*)—the defendant could assert that his attorney's ignorance of the need for an objection was sufficient "cause" to avoid the *Wainwright v. Sykes* bar. This court does not feel that the exception should be allowed to swallow the rule. In this regard, the court notes that the recent opinion of Judge Chapman in *Nesbitt v. Leeke*, (# 76–1298 D.S.C. April 18, 1978) is in accordance with these views. For a good discussion of "the malpractice-cause" theory, see Professor Strazzella's article in 19 *Arizona Law Review* 443 (1977).

8. This court would be amiss if it did not comment on the construction given to *Patterson v. New York* in *Frazier v. Weatherholtz* and *Maxey v. Marton*, where the court heavily relied on the statement in *Patterson* that "proof of the non-existence of all affirmative defenses has never been constitutionally required." While this statement is true, as a matter of court

history, it must be balanced with the holding in *Patterson* that the State must prove all essential elements of a crime and, therefore, when a defense negates an essential element of a crime, the State should logically be required, notwithstanding the dicta in *Patterson*, to disprove that defense by proving the element which the defense negates. The reason that the burden of proof on the affirmative defense asserted in *Patterson* was held to be properly allocable to the defendant was because, in the eyes of the Court, it did not negate any essential element of the crime. It would seem that each case should involve an analysis of the essential elements of the crime, juxtaposed with the defenses asserted and that, where a defense negates one of the essential elements, the burden of proof on the essential element— (which would require disproving the defense)— should be placed on the State. (*See*, fn. 4). However, this court is a court of *stare decisis*.

9. Petitioner's arguments concerning error by the State Supreme Court in application of the mutual combat doctrine are academic since petitioner received a charge on self-defense which under the precedents cited above is presently valid. Likewise, the evidence to support a conviction, even disregarding the testimony of the two recanting witnesses, satisfies the test for sufficiency in this circuit, *U.S. v. Smith*, 565 F.2d 292 (4th Cir. 1977); *U.S. v. Walsh*, 544 F.2d 156, 161 (4th Cir. 1976).