Roy T. Stuckey, Vance L. Cowden and W. Lewis Burke, Columbia, S. C., for petitioner.

Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondents.

**Luther D. JOHNSON, Petitioner,**

**v.**

**William D. LEEKE, and the Attorney General of the State of South Carolina, Respondents.**

**Civ. A. No. 76–896.**

District Court of United States,
D. South Carolina,
Columbia Division.

Sept. 29, 1978.

### ORDER

HEMPHILL, Chief Judge.

The petitioner was convicted of manslaughter in Florence County in December of 1973. A belated direct appeal of the conviction was perfected, and the South Carolina Supreme Court affirmed the conviction.[1] An application for post-conviction relief was also made by the petitioner in Florence County. The application was denied by Judge David W. Harwell, and the Supreme Court affirmed the denial of post-conviction relief also.[2]

---

1. *State v. Johnson*, Memorandum Opinion No. 76–58, July 22, 1976.

2. *Johnson v. State*, Memorandum Opinion No. 76–6, February 12, 1976.

The original petition was filed here while the direct appeal was pending. Leave to amend was granted on August 23, 1976. The amended petition was filed on September 22, 1976, alleging (1) that the trial judge's charge to the jury on self defense unfairly shifted the burden of proof on that issue to the petitioner as the defendant, and (2) that the evidence presented at trial by the State was insufficient to justify the submission of the case to the jury with a verdict of guilty to murder as a possible option.

Because of the *Mullaney* issue,[3] the parties were asked to submit briefs as to the possible application in this case of *Frazier v. Weatherholtz*, 572 F.2d 994 (4 Cir. 1978). This has been done, and the case is ripe for decision.

The facts at petitioner's trial revealed that he stabbed one Lee Cain with a knife during the evening of November 3, 1973 at a nightspot near Pamplico, South Carolina. The wound severed both a femoral artery and a vein in the area of Cain's left groin, and Cain died as a result of the loss of blood from the wound. The only eyewitness who testified was Alberta Green, proprietress of the nightspot, who testified that Cain threatened to kill the petitioner with an upraised chair before the stab wound was inflicted. This witness (and another) described the physical layout of the scene of the stabbing incident, and from the testimony of the premises an issue was apparent as to whether the petitioner could have retreated from Cain without suffering injury as an alternative to stabbing him. The

petitioner did not present any evidence, but Presiding Judge Clarence E. Singletary charged the law of self defense despite the omission of defense testimony.[4] There were no exceptions to the charge.

■ The petitioner argues that Judge Singletary should have directed a verdict of not guilty as to the murder charge as a matter of law, and submit only a manslaughter charge as the only alternative to a not guilty verdict. However, this argument is inappropriate here.[5] There was clearly a sufficiency of direct and circumstantial evidence to warrant the submission of the case to the jury as a murder case, with voluntary manslaughter as a possible lesser included charge. Therefore, the petitioner's second ground is lacking in merit under 28 U.S.C. § 2254.

An examination of the entire charge of Judge Singletary reveals that it did not shift the burden of proof from the State, as the petitioner contends.[6] The jury was clearly told that the State had the burden of proving the petitioner guilty beyond a reasonable doubt. Thus, at page 79 of the Transcript of Record, Judge Singletary informed the jury:

"* * * While self defense must be established in the testimony by the preponderance or the greater weight of the evidence, still if you have any reasonable doubt as to whether or not there is self defense in this case, you must give the defendant the benefit of that doubt and acquit him. The State must make out every material element in the case be-

---

3. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The rule in *Mullaney* is retroactive. *See Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).

4. There was no specific request for the charge, but Judge Singletary felt the petitioner was entitled to it. Under South Carolina procedure, the decision of petitioner's attorney to offer no testimony, in which the petitioner expressly acquiesced, gave the petitioner the opportunity to have the closing argument to the jury.

5. *Grundler v. State of North Carolina*, 283 F.2d 798 (4 Cir. 1960).

6. The petitioner seizes upon one sentence in the charge as error. At page 79 of the Transcript of Record, folio 2–4, the charge omits "not" before the word "necessary," seemingly placing the burden of proving self defense beyond a reasonable doubt on the petitioner at trial. However, this sentence either was transcribed incorrectly, or it represented a slip of the tongue by the presiding judge, for it follows and precedes statements referring to the "preponderance or the greater weight of the evidence" as to self defense. The absence of any objection prompts a conclusion that the court reporter omitted the word "not" from the transcript in error.

yond a reasonable doubt. And if on a consideration of this entire case you have a reasonable doubt as to the guilt of the defendant, it would be your duty to acquit him." [7]

 The charge given in this case is substantially similar to the charge upheld in a *Mullaney* challenge in *Maxey v. Martin*, 4 Cir., 577 F.2d 735, decided by the Court of Appeals on June 5, 1978. Viewing the charge as a whole, rather than isolating only a single passage, there was no unconstitutional shift of the burden of proof at trial. Accordingly, the petitioner's first ground also fails to entitle him to relief under § 2254.[8]

Because of the failure of the petitioner to show that he is entitled to relief,

IT IS ORDERED that the petition and the amended petition are hereby dismissed.

---

7. Earlier, Judge Singletary had instructed the jury that "self defense is a complete defense and would entitle one charged with an unlawful killing to an acquittal if the legal elements of the plea of self defense are shown by the evidence." [Tr. 76–77].

8. *See also Patterson v. New York*, 432 U.S. 197, at page 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977).