**Trudy C. WASHINGTON**

v.

**Ann F. DOWNES and Hon. J. Randolph Tucker.**

**Civ. A. No. 79–0277–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 20, 1979.

Trudy C. Washington, pro se.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM

MERHIGE, District Judge.

Trudy Carolla Washington, an inmate confined at the Virginia Correctional Center for Women, brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1970). The petitioner challenges the validity of a conviction she received on August 26, 1977, in the Circuit Court of the City of Richmond, Division I. Specifically, she raises the following claims:

1. The petitioner's confession was obtained while she was under the influence of narcotics;

2. The confession was obtained as a result of force and duress;

3. There is insufficient evidence to support the conviction; and

4. The sentencing judge failed to comply with the terms of her plea agreement.

The respondents have filed their answer, to which the petitioner has responded. This matter is now ripe for determination.

## I.

The petitioner's first claim, that she confessed while she was under the influence of drugs, was raised both at trial and on appeal. For the purposes of this decision, the Court assumes that the defendant was under the influence of narcotics or some other intoxicant at the time she made her confession. The record provides very strong support for this conclusion. At trial, the detective assigned to the investigation testified that the petitioner was visibly under the influence of some substance when he questioned her. The detective acknowledged that he had known the petitioner for ten years and was aware of her reputation as a drug addict. Later, at the sentencing proceeding, the detective again was asked whether the petitioner was under the influence of narcotics at the time she was arrested. He responded, "She was under the influence of something that day, I'm sure it could have been a drug." (Tr. p. 35). The Court thus squarely faces the issue whether this fact alone renders her confession involuntary. *Cf. Greenfield v. Robinson*, 413 F.Supp. 1113 (W.D.Va.1976).

In *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770 (1963), the Supreme Court proposed the following test for voluntariness:

> If an individual's "will was overborne" or if his confession was not "the product of a rational intellect and a free will," his confession is inadmissible because coerced. These standards are applicable whether a confession is the product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug-induced statement.

The Court's decisions in the intervening years, culminating with *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), have stressed that no single factor is determinative as to voluntariness: "In determining whether a defendant's will was overborne in a particular case, the Court has assessed the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Id.* at 226, 93 S.Ct. at 2047.

Consistent with this recommendation for a case by case analysis, a number of courts have held that a confession given while the defendant was under the influence of drugs or other intoxicants is not involuntary *per se.* *See, e. g., United States v. Medina*, 552 F.2d 181 (7th Cir.), *cert. denied*, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1971); *United States v. Taylor*, 508 F.2d 761 (5th Cir. 1975); *Ortiz v. United States*, 318 F.2d 450 (9th Cir. 1963), *cert. denied*, 376 U.S. 953, 84 S.Ct. 971, 11 L.Ed.2d 972 (1964). As Judge Roney of the Fifth Circuit stated in *United States v. Taylor*,

> The mere fact that the defendant had taken drugs prior to giving the statement does not render it inadmissible. The evidence must show the defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary.

508 F.2d at 763. The Court adopts this rule in the present case and must now refer to the record to determine from the totality of the circumstances whether the petitioner's confession was involuntary.

The petitioner was informed of her *Miranda* rights at the time she was arrested and signed a form indicating that she understood those rights. The trial judge specifically asked the detective about the petitioner's state of mind following her arrest:

Q. Well, did the [petitioner] seem to understand what you were asking her?

A. Yes, sir, I think so.

Q. Were her answers to your questions responsive to the questions?

A. Yes, sir.

Q. Did you have any difficulty getting answers out of her?

A. None whatsoever.

(Tr. p. 24). The relative ease with which a questioner extracts answers can be a two-edged sword when considering the voluntariness of a confession. However, the petitioner did not claim at trial that the police had put their questions in forms intended to exploit her condition. Furthermore, the

record in this case shows the petitioner's responses were coherent, detailed, and accurate, suggesting normal memory and presence of mind at the time the incriminating statement was given.[1] The petitioner's awareness of the consequences of her statement is evidenced by the fact that she cooperated with the police from the day of her arrest and ultimately testified against the person who approached her with the plan for forging the checks. In return, the detective brought her cooperation to the judge's attention at the sentencing proceeding.

 After reviewing the facts presented and eliciting additional testimony, the trial judge concluded that the confession was admissible even though it was given under the influence of narcotics. The Court finds substantial evidence in the record to support that ruling. The respondent's prayer for denial and dismissal of this ground of the petition will therefore be granted.

## II.

 The petitioner now alleges that her confession was the product of coercion. This objection was not raised at trial, but the petitioner contends she was told that unless she signed the incriminating statements, she would have to serve a lengthy sentence since she had a prior conviction. She also claims that the police told her they would assure that her bond was set "out of her reach" unless she signed the statements. She states in her original petition that she did not raise the issue of coercion at trial on her attorney's advice.

The respondents contend that the petitioner should be barred from seeking habeas corpus relief on her claim of duress because the claim was not raised at trial. The respondents rely on the Supreme Court's decision in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), which holds that a failure to comply with a state contemporaneous-objection rule will

foreclose federal habeas review unless the petitioner can show "cause" and "prejudice" in connection with his failure to object. *Id.* at 86–87, 97 S.Ct. 2497. Rule 5:21 of the Virginia Supreme Court Rules is a contemporaneous objection rule for the purposes of applying *Wainwright v. Sykes* to Virginia's criminal proceedings. *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir.), *cert. denied*, 439 U.S. 876, 99 S.Ct. 215, 58 L.Ed.2d 191 (1978). Rule 5:21 provides that the Virginia Supreme Court will not notice an objection on appeal "unless the objection was stated with reasonable certainty at the time of the ruling [in the Court below]." The requirement that the ground be stated with reasonable certainty is intended to permit the trial judge to rule intelligently and to avoid unnecessary appeals, reversals and mistrials. *Woodson v. Commonwealth*, 211 Va. 285, 176 S.E.2d 818, 820 (1970), *cert. denied*, 401 U.S. 959, 91 S.Ct. 990, 28 L.Ed.2d 244 (1971). In *Frazier*, a petitioner's failure to object to instructions at trial prevented review of the claim by the Virginia Supreme Court. In turn, the Fourth Circuit found that application of the predecessor to Rule 5:21 supplied an adequate and independent state procedural ground for the result and precluded federal habeas review. *Id.* at 997.

 Virginia's contemporaneous-objection rule applies with equal force to an involuntary confession claim. Objections to the admission of evidence must be noted at the time of trial. *Boggs v. Commonwealth*, 153 Va. 838, 149 S.E.2d 464 (1929). Furthermore it is clear under Rule 5:21 that objection to the admission of evidence on one ground will not preserve objections on other unstated grounds. *Floyd v. Commonwealth*, —— Va. ——, 249 S.E.2d 171 (1978). In the present case, the fact that the petitioner objected that she was under the influence of narcotics did not raise the issue that her confession was also obtained through coercion. Therefore, unless she can satisfy the cause/prejudice exception

---

1.　The petitioner identified the person who solicited the forgery and recounted the manner in which he approached her; she identified the person who actually presented the checks and related the events surrounding the cashing of the checks and she provided the exact locations where the checks were presented.. (Tr. pp. 18–19).

proposed in *Wainwright v. Sykes*, the petitioner is barred from asserting her claim in this action.

The contours of the cause/prejudice exception are not at all certain at this time. In *Wainwright v. Sykes*, the majority set forth its ruling without defining "cause" and "prejudice." 433 U.S. at 90–91, 97 S.Ct. 2497. The Court has not yet had an occasion to give content to the terms through subsequent opinions. The Fourth Circuit meanwhile has considered the cause/prejudice test in several decisions since *Wainwright* but has avoided general statements as to its application. See *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir.), *cert. denied*, 439 U.S. 876, 99 S.Ct. 215, 58 L.Ed.2d 191 (1978); *Satterfield v. Zahradnick*, 572 F.2d 443 (4th Cir.), *cert. denied*, 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978). On its facts, however, the decision in *Satterfield* may be relevant to the case at hand. The trial attorney for the petitioner in *Satterfield* deliberately failed to object to the Commonwealth's Attorney's argument because an objection might actually have prejudiced his client. The Fourth Circuit held that a calculated trial decision could not satisfy the cause requirement. 572 F.2d at 446.

As noted previously, the petitioner claims that the trial attorney advised her not to object to the confession on the ground that it was coerced. The attorney's reason for giving this advice is not stated. The Court, however, will not order further submissions on the issue of the trial attorney's advice at this time. If the attorney's advice was in fact the result of deliberate calculation, the *Wainwright* decision, as applied in *Satterfield*, forecloses review. On the other hand, the advice may have been so inappropriate that it could only have resulted from "neglect or ignorance rather than from informed, professional deliberation," *Marzullo v. State of Maryland*, 561 F.2d 540 (4th Cir. 1977), *cert. denied*, 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978). But if this is in fact the case, the petitioner has a remedy for ineffective assistance of counsel, and she should be required to raise her claim in state court before proceeding in a federal court.

In Virginia, claims of ineffective assistance of counsel may be brought before the state courts by means of a petition for writ of habeas corpus. See *Slayton v. Weinberger*, 213 Va. 690, 194 S.E.2d 703 (1973); *Wynn v. Peyton*, 211 Va. 515, 178 S.E.2d 676 (1971). A petitioner who brings an ineffective assistance claim directly to federal court will accordingly be instructed to first exhaust available state remedies, as required under 28 U.S.C. § 2254 (1970). *Edwards v. Virginia State Dept. of Corrections*, 462 F.Supp. 164, 165 (W.D.Va.1978); *see generally Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.), *cert. denied*, 434 U.S. 929, 98 S.Ct. 414, 54 L.Ed.2d 289 (1977). In the present case, the issue of ineffective assistance is raised as "cause" for the Court to review the coerced confession claim, and not as a claim in its own right. However, this should not alter the requirement that the petitioner must exhaust her state remedies before presenting a claim for federal habeas review. A petitioner should not ordinarily be permitted to bypass state remedies by making a challenge under the cause exception. This result surely could not have been intended under *Wainwright*, which reserved the cause/prejudice exception for defendants who, but for the exception, would be victims of a miscarriage of justice. 433 U.S. at 90–91, 97 S.Ct. 2497.

The record in this case indicates that the petitioner filed a petition for writ of habeas corpus with the Circuit Court of the City of Richmond, Division I and that the petition was denied and dismissed on October 30, 1978. The petitioner, however, did not raise an ineffective assistance claim in that action. The petitioner also has not sought habeas review before the Supreme Court of Virginia. Therefore, because the petitioner's claim that her attorney improperly advised her not to object to the admissibility of her confession has not been raised in the state courts, it will be dismissed. *Slayton v. Smith*, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971). Such dismissal is without prejudice to the petitioner's right

to refile her claim with this Court after she has exhausted her state remedies.

## III.

 The petitioner next asserts that the evidence presented at her trial was insufficient to sustain a conviction. In considering this claim, the Court will apply the standard for review recently adopted in *Jackson v. Virginia,* —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The new standard requires a federal habeas court to determine whether, taking the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ——, 99 S.Ct. at 2789.

 The petitioner contends that her conviction is supported by insufficient evidence because certain witnesses were unable to identify her. As stated previously, the petitioner was convicted of forgery and uttering. At trial, the prosecution called as witnesses the two bank tellers who cashed the forged checks. The tellers testified that money was actually paid out when the checks were presented. Upon cross-examination, neither teller could recall whether the petitioner was present when the checks were cashed.

The testimony of the tellers was not necessary to link the petitioner with the crime, though. That connection was sufficiently drawn by the introduction of the petitioner's own statement to the effect that she endorsed the two checks in question with a false name and that she accompanied the person who actually uttered the checks at the bank. These statements have been held admissible notwithstanding the petitioner's contention that she was under the influence of drugs at the time she made them. At the present time, no other claim is properly before the Court which could serve as a basis for excluding the statements. Therefore, the Court must conclude that there was sufficient evidence to support the conviction.

## IV.

 Finally, the petitioner claims that the terms of a plea agreement she entered into were not complied with. The petitioner entered a plea of not guilty and received a trial at which she was represented by counsel, so it is not clear what the petitioner is referring to. Whatever the nature of the agreement, it obviously did not cause the plaintiff to waive constitutional rights, which is the concern when a defendant pleads guilty. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Court will therefore not consider this claim, and the petition will be denied and dismissed.