**Robert Louis GOLDMAN,**
**Petitioner-Appellant,**

v.

**Charles ANDERSON,**
**Respondent-Appellee.**

**No. 80–1050.**

United States Court of Appeals,
Sixth Circuit.

July 25, 1980.

Rehearing and Rehearing En Banc
Denied Sept. 9, 1980.

Carl Ziemba, Detroit, Mich., for petitioner-appellant.

Frank J. Kelley, Atty. Gen., of Michigan, Thomas L. Casey, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., John P. Mack, Stephen F. Schuesler, Asst. Attys. Gen., Lansing, Mich., for respondent-appellee.

Before CELEBREZZE and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Petitioner is an inmate subject to the jurisdiction of the Michigan Department of Corrections. His incarceration is the result of a 1976 Michigan conviction of breaking and entering a real estate office with intent to commit larceny therein contrary to MCLA 750.110; MSA 28.305. Upon conviction in Detroit Recorder's Court by a jury, he was sentenced to a term of five to ten years in prison. Petitioner appeals to this Court from a judgment entered November 19, 1979 by the Honorable James P. Churchill in the United States District Court for the Eastern District of Michigan which dismissed his petition for habeas corpus on the basis of *Wainwright v. Sykes.*

During the trial, a police officer testified that she responded at 5:00 a.m. to a call that a breaking and entering of a real estate office was in progress. When she arrived at the reported address, she saw the petitioner leaving the premises. He ran, but was later apprehended by a private citizen and returned to the scene. The officer further testified that petitioner had white plaster dust on his clothes. Another officer found a hole in the wall of the real estate office which was adjacent to a bar, and found a sledgehammer, crowbar, screwdriver, and flashlight near the hole. Nothing had been stolen from either establishment, perhaps because of the arrival of the police.

Petitioner testified that he was never in the building but that he had been arrested for running *by* the building near the time of the break-in; he denied ever having run from the police. However, in his signed statement he stated he was arrested "because I ran from by the building . . ." When petitioner denied having run from the police, this statement was read to the jury in the form "[B]ecause I ran from the building . . ." Further, the statement had never been admitted into evidence, hence its voluntariness was never established.

Petitioner argues that (a) the evidence was insufficient to establish his intent to larcenize the real estate office, hence, his conviction was a denial of due process within the purview of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); and, (b) that use of his statement to impeach his testimony without producing the officer who transcribed it constituted reversible error because (1) petitioner denied the veracity of the statement in his testimony and (2) because it had not been shown to be voluntary.

Petitioner bases his argument regarding the sufficiency of the evidence upon the thesis that the evidence clearly showed intent to larcenize the adjacent bar and not the real estate office. Hence, he argues, evidence of intent to larcenize the real estate office had not been established and petitioner could not be convicted of MCLA 750.110. While petitioner's argument raises an interesting problem in conceptualization and may point out some ambiguity in the statute, we are constrained to note that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in the original) *Jackson v. Virginia, supra* at 319, 99 S.Ct. at 2789. In determining whether this standard has been met, the habeas court may properly take cognizance of state evidentiary law. Thus, in *Moore v. Duckworth,* 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979), where the question was whether the state had met

its burden of proof of sanity beyond a reasonable doubt, the United States Supreme Court held that it was proper for the federal habeas court to take cognizance of state evidentiary law to the effect that lay rather than expert testimony was sufficient to prove the element of sanity.

As in every case where intent is material, larcenous intent may be inferred from the surrounding circumstances. "Because such mischief is a normal incident to a breaking and entering, and because of the difficulty of proving the actor's state of mind, circumstantial evidence has been found sufficient to sustain the conclusion that the defendant entertained the requisite [larcenous] intent." *People v. Palmer,* 42 Mich.App. 549, 551–552, 202 N.W.2d 536 (1972). *See also People v. Jablonski,* 70 Mich.App. 218, 223, 245 N.W.2d 571 (1976).

■ Under Michigan law, intent to commit larceny may be inferred from the totality of circumstances disclosed by the testimony. Such intent may be inferred from the nature, time, or place of the defendant's acts before and during the breaking and entering. *People v. Saunders,* 25 Mich.App. 149, 181 N.W.2d 4 (1970). *People v. Hughes,* 27 Mich.App. 221, 183 N.W.2d 383 (1970).

■ Here, the testimony reveals that a real estate office was broken into at approximately 5:00 a.m. on Sunday, July 25, 1976. The real estate agency was an ongoing business, not open for business at the time, and the owner had given no one permission to enter that morning. A witness saw the petitioner inside the real estate office. Later, an officer apprehended him after he fled the building. A forced entry had been made into the real estate office. Further, the police discovered a crow bar, a screwdriver, a flashlight, and a sledgehammer inside the office as well as a hole in the wall separating the office from an adjacent bar.

Appellant argues that whoever broke into the real estate office did so for the purpose of breaking a hole in the party wall so that entry could be gained into the bar next

door, and that an intent to break through the party wall leading to the bar was incompatible with an intent to commit larceny in the real estate office. But nothing precluded petitioner from having both the intent to commit larceny within the office and in the bar next door. Based on the hour, the nature of the business involved, the burglar tools used, and the unexplained presence of petitioner inside the building, the jury could well have inferred that petitioner intended to steal anything of value within either the real estate office or the bar. To this extent, we agree with the district court that there was sufficient evidence in the record to leave the jury verdict undisturbed.

■ Petitioner's second allegation of error is similarly unpersuasive because the impeachment using the allegedly suspect statement was never objected to. In a hearing below before a U.S. Magistrate to determine whether cause and prejudice existed to excuse the failure of counsel to object to the problematical statement within the purview of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the magistrate determined, as adopted by the district court, that because (1) petitioner specifically declined to testify further after the impeachment, and (2) because the statement was voluntary [*cf.* F.R.Crim.P. 12(b)(3), (f)], there could have been no prejudice to him in the prosecutor's failure to authenticate the statement at trial. And the statements cannot be said to be "exceptional" in light of the evidence addressed. *See Wainwright v. Sykes, supra,* at 91 n.14, 97 S.Ct. at 2508 n.14.

As for the "cause" for the failure to object to the use of petitioner's statement at trial, petitioner's attorney stated that he did not object because (1) he thought the procedures were correct, (2) he did not want to draw the jury's attention to the issue more than it had been, and (3) he thought that petitioner had handled the attempted impeachment by taking issue with the statement himself. This is a far cry from the facts upon which this court found the "cause" requirement satisfied. *Rachel v.*

*Bordenkircher,* 590 F.2d 200 (6th Cir. 1978). *There* trial counsel produced an affidavit to support his contention that ignorance of the law had caused his failure to object; *here* trial counsel admitted his "failure" was caused by a tactical decision. Such a decision vitiates a claim that a failure to object will, without more, provide the basis for a collateral attack on a state court proceeding. *Wainwright v. Sykes, supra,* at 89–90, 97 S.Ct. at 2508.

Accordingly, the petition for a writ of habeas corpus is denied.