Clifford W. CARRIER, Appellant,

v.

Terrell D. HUTTO, Director of the
Virginia Department of
Corrections, Appellee.

No. 83–6039.

United States Court of Appeals,
Fourth Circuit.

Argued May 12, 1983.

Decided Dec. 27, 1983.

Karen L. Morris, Third Year Law Student (William A. Reppy, Jr., Duke Law School, Durham, N.C., on brief), for appellant.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before HALL and ERVIN, Circuit Judges, and WYZANSKI,* Senior District Judge.

ERVIN, Circuit Judge:

Clifford Carrier, a Virginia prisoner, appeals from the dismissal of his federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. His petition alleged that the state trial court violated due process by denying Carrier access to certain evidence in the district attorney's possession. The district court ruled that because Carrier failed to present this claim on direct appeal to the Virginia Supreme Court, he was barred from doing so in federal court absent a showing of cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Carrier asserted as *Wainwright* "cause" that the failure to take a state appeal was wholly the product of attorney error, to which the district court replied that because Carrier had not pressed a claim of ineffective assistance of counsel in state proceedings he had failed to meet the prerequisite for federal habeas relief of exhausting his state remedies. *See* 28 U.S.C. § 2254(b) and (c). The court added that since Virginia recognized a "cause" exception to its rule barring state collateral relief where issues were not raised on direct appeal, Virginia should be given the first

---

* Honorable Charles E. Wyzanski, Jr., Senior United States District Judge for the District of Massachusetts, sitting by designation.

opportunity to decide whether Carrier had good cause for neglecting direct appeal.

We reverse and hold that under certain circumstances attorney error which is insufficient to make out a violation of the sixth amendment may nevertheless constitute "cause" under the *Wainwright* exception to procedural bar. We remand so that the district court may decide whether Carrier's articulation of attorney error satisfies the requirements set forth herein and whether Carrier has met the prejudice prong of the *Wainwright* exception.

## I.

Clifford Carrier was tried and convicted of rape and abduction in Virginia. Prior to trial, Carrier's court-appointed counsel moved to discover all statements by the victim to police that specifically contained descriptions of her assailants, the assailants' vehicle, and the location of the alleged rape. The Commonwealth responded that such statements would be furnished to the trial judge for *in camera* inspection, and that the judge would decide which statements to give over to defense counsel. Upon examination the judge notified defense counsel that the statements bore "no evidence of an exculpatory nature." Immediately before trial, defense counsel moved the court to transmit copies of any statements made to police by the victim and by an identification witness. The court responded with another *in camera* inspection and then informed counsel that because the statements contained no exculpatory evidence, they would not be released. The judge then sealed the statements. Defense counsel formally excepted "for purposes of the record." After Carrier was convicted, counsel filed notice of appeal assigning seven errors, including the following:

5.  Did the trial judge err by not permitting defendant's counsel to examine the written statements of the victim prior to trial, and during the course of the trial?

Counsel subsequently filed an appellate brief urging five grounds for reversal but inexplicably abandoning the claim that the court's denial of discovery violated due process. The Virginia Supreme Court refused to review Carrier's appeal, after which he filed, pro se, a state habeas corpus petition alleging that the withholding of the victim's statements to police describing her assailants was a denial of due process under the fourteenth amendment. The state moved to dismiss because of failure to pursue this contention on direct appeal. *See* Va.S.Ct. Rule 5:21; *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680, 682 (1974), *cert. denied, sub. nom., Parrigan v. Paderick*, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975). The motion was granted and the Virginia Supreme Court denied certiorari.

Carrier then filed pro se a petition for a writ of habeas corpus in the federal district court for the Eastern District of Virginia, asserting as grounds for relief the denial of due process. The state moved to dismiss, claiming that failure to raise the due process issue on direct appeal was a bar to collateral attack in federal court. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Anticipating that in amended pleadings Carrier might assert attorney error as the cause for omitting state appeal, the state also contended that Carrier had failed to exhaust state remedies with regard to ineffectiveness of counsel, arguing that in state court he could "allege ineffective assistance of counsel for failure ... to raise the issue ... on appeal."

In district court, the matter was referred to a magistrate, who recommended dismissal of the petition because of procedural default under *Wainwright*. The magistrate also suggested that Carrier had not exhausted state remedies and that the Virginia courts would still entertain a habeas petition to examine the due process question if petitioner would allege ineffectiveness of counsel as "cause" for the procedural default.

Carrier then filed a "Motion of Objection and Exception" to the magistrate's report. He argued that the failure to raise his due process claim on direct appeal "was not due

to any fault of his", but was the result of "eneffective [sic] assistance of counsel."

The district court was unswayed by Carrier's motion and adopted the magistrate's recommendation, dismissing the petition. In a footnote to its opinion, the court said that the exhaustion requirement of 28 U.S.C. § 2254 barred Carrier from asserting a claim of ineffective assistance of counsel, since Carrier had not raised that allegation in state proceedings. The court remarked that dismissal of the federal habeas claim due to failure to exhaust state remedies is "not necessarily a dismissal with prejudice," and that Carrier might well be able to establish "cause" for failing to appeal the error, but should do so in the first instance in a habeas proceeding in the Virginia courts.

## II.

The crux of Carrier's federal habeas petition is that he was denied due process of law under the fourteenth amendment when the state trial court refused defense counsel's specific request for the victim's statements to police on the ground that those statements contained "no evidence of an exculpatory nature." Citing *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *United States v. Agurs,* 427 U.S. 97, 106, 96 S.Ct. 2392, 2398–2399, 49 L.Ed.2d 342 (1976), Carrier urges that the standard which should have been employed by the court in delimiting discovery was whether the evidence specifically requested was "material . . . to guilt," *Brady,* 373 U.S. at 87, 83 S.Ct. at 1197, not whether it was exculpatory. *See also Chavis v. North Carolina,* 637 F.2d 213, 223 (4th Cir.1980).

Although Carrier's lawyer lodged this *Brady* objection at trial, he did not appeal it. Under Virginia law, this meant that the issue was lost for purposes of direct and collateral review.[1] What is more, in the face of a state contemporaneous objection rule, the failure to prosecute a constitutional claim to the state's highest court on direct appeal brings into play the case of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Wainwright,* the Supreme Court held that in the presence of an adequate and independent state procedural ground for decision, federal review of constitutional claims would be barred on habeas, as on direct appeal, absent a showing of cause for noncompliance with the state procedural rule and also a showing of actual prejudice resulting from the alleged constitutional violation.[2] The Court left open the question of what might be sufficient "cause" to excuse procedural default, and the precise issue to be resolved in this case is whether Carrier's assertion of "ineffective assistance of counsel" can make out *Wainwright* "cause." The district court held it could not, construing Carrier's contention as a claim under the sixth amendment for habeas relief which could not be entertained by the federal courts until state remedies had been exhausted. *See* 28 U.S.C. § 2254. Since Carrier had advanced only his *Brady* claim before the state habeas court, the district court dismissed his habeas petition without prejudice pending the exhaustion of state remedies with regard to the claim of ineffective assistance of counsel. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The court opined that Carrier might "well be able to establish 'cause' for his default, but should do so in the first instance in the Virginia courts."

1. Va.S.Ct.R. 5:21 states in pertinent part:
   Error will not be sustained to any ruling below unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. *Only errors assigned in the petition for appeal will be noticed by this Court and no error not so assigned will be admitted as a ground for reversal of a decision below.* (emphasis added)

2. The *Wainwright* doctrine specifically dealt with violations of a state contemporaneous objection rule. In *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980) (en banc), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980), the *Wainwright* bar to federal review was applied where the state rule foreclosed consideration of issues not raised on appeal, as in the present case.

■ We view Carrier's arguments below differently from the district court. Specifically, we discern no claim by Carrier that he was deprived of his constitutional right to effective representation by counsel during the course of his trial.[3] At oral argument before this court, Carrier's newly-appointed appellate counsel expressly disavowed any contention that trial counsel failed the sixth amendment standard. Indeed, with the exception of the unexplained failure to appeal the *Brady* issue, Carrier's trial lawyer appears to have performed with diligence and skill.

We thus arrive at the nub of the case: Can a single act or omission by counsel, insufficient by itself to contravene the sixth amendment, satisfy the "cause" prong of the exception to preclusive procedural default discussed in *Wainwright?*

■ Several cases provide helpful guidance to our inquiry. We start with the familiar proposition that a deliberate tactical decision by counsel not to object or appeal a constitutional claim can almost never furnish cause,[4] since matters of trial and appellate tactics are entrusted to the judgment of the lawyer,[5] who acts as the defendant's champion. *See Henry v. Mississippi,* 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965); *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963); *Satterfield v. Zahradnick,* 572 F.2d 443, 446 (4th Cir.1978), *cert. denied,* 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978). *See also Fowler v. Parratt,* 682 F.2d 746, 751 (8th Cir.1982); *Goldman v. Anderson,* 625 F.2d 135, 138 (6th Cir.1980).

Next we come to cases in which counsel's actions may reflect not deliberate calculation, but ignorance or oversight. In *Runnels v. Hess,* 653 F.2d 1359, 1364 (10th Cir. 1981), the Tenth Circuit held that in some instances ineffective assistance short of that necessary to make out a sixth amendment claim could supply *Wainwright* cause. The court distinguished between deliberate "sandbagging" by counsel (*i.e.,* for purposes of appeal, withholding constitutional claims at trial in hopes of a favorable verdict) versus erroneous, nontactical decisions resulting in prejudice. The court remanded for the district judge to determine whether the failure to object resulted from a tactical decision. *Accord, Jiminez v. Estelle,* 557 F.2d 506, 510–11 (5th Cir.1977).[6] *See also Collins v. Auger,* 577 F.2d 1107, 1110 n. 2 (8th Cir.1978) (dictum), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979) (lack of knowledge of facts or law by counsel would be sufficient cause for failure to make objection within the "cause and prejudice" test of *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the precursor of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Rachel v. Bordenkircher,* 590 F.2d 200, 204 (6th Cir.1978) (cause found where affidavits by defense counsel showed inexperience, inattention and lack of knowledge of applicable law); *Sincox v. United States,* 571 F.2d 876, 879–80 (5th Cir.1978) (counsel's failure to object when polled juror admitted doubt over guilty verdict constituted both *Wainwright* cause and ineffective assistance of counsel). *Cf. Dumont v. Estelle,* 513 F.2d 793, 798 (5th Cir.1975) (unencouraging status of the law does not of itself excuse nonobjection).

---

**3.** In this circuit, the test for weighing the effectiveness of counsel is whether "counsel's representation [was] within the range of competence demanded of attorneys in criminal cases." *Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir.1977).

Although Carrier's own pleadings in the district court refer to "eneffective [sic] assistance of counsel," the obvious thrust of his argument below was that a single oversight by his otherwise competent lawyer brought Carrier to this procedural impasse.

**4.** *But see Wainwright v. Sykes,* 433 U.S. at 94 n. 1, 97 S.Ct. at 2510 n. 1 (1977) (Stevens, J., concurring).

**5.** *Id.* at 95 n. 2, 97 S.Ct. at 2510 n. 2.

**6.** *Cf. Washington v. Estelle,* 648 F.2d 276, 278 (5th Cir.1981), *cert. denied,* 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981) (mere allegation of ineffective assistance of counsel does not suffice to make out "cause" for nonobjection). *Accord, Sullivan v. Wainwright,* 695 F.2d 1306 (11th Cir.1983).

The Ninth Circuit took a slightly different approach in *Garrison v. McCarthy,* 653 F.2d 374 (9th Cir.1981), holding that where a deliberate tactical decision resulted in procedural default, the defendant had to show that counsel's action amounted to a sixth amendment violation in order to overcome the *Wainwright* bar. On the other hand, where the failure to object or appeal was merely due to "inadvertence or ignorance, a lesser showing of incompetency should be sufficient for 'cause.'" *Id.* at 378. The court went on to find that the petitioner's constitutional claim was barred because there was strong indication in the record that the nonobjection was a reasonable tactical decision, and little evidence of inadvertence.

Finally, the Fifth Circuit has pointed out the irrationality of equating *Wainwright* "cause" with sixth amendment ineffective assistance of counsel, as the district court did in this case:

> Of course, [attorney] misfeasance need not amount to a denial of the defendant's constitutional right to counsel; if it did it would be an independently sufficient reason to grant relief and would make it immaterial whether other constitutional claims had been forfeited.

*Jurek v. Estelle,* 593 F.2d 672, 683 n. 19 (5th Cir.1979), *vacated on other grounds,* 623 F.2d 929 (5th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).

■ From these authorities—which the Commonwealth does not challenge on this appeal—we conclude that attorney error short of wholesale ineffectiveness of counsel can constitute *Wainwright* cause, provided that the act or omission resulting in procedural default emanated from ignorance or inadvertence, rather than deliberate strategy. Since counsel is entrusted with decisions of trial and appellate strategy, as opposed to decisions affecting the exercise of fundamental rights (*e.g.,* what issues to appeal versus whether to appeal at all), the calculated avoidance of state channels for raising specific issues in hopes of a favorable judgment cannot furnish cause,

albeit the strategy failed, unless the errant decision not to object falls outside the range of ordinary attorney competence and therefore violates the sixth amendment.

*Marzullo v. Maryland, supra,* 561 F.2d 540, 543 (4th Cir.1977), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978); *Garrison v. McCarthy, supra,* 653 F.2d 374, 378 (9th Cir.1981). Procedural default is excused not when counsel reasonably but incorrectly exercises her judgment, but when, through ignorance or oversight, she fails to exercise it at all, in dereliction of the duty to represent her client. This is what we mean by attorney error, and in such a case, the defendant should not be penalized under *Wainwright* for a momentary lapse by counsel.

■ On presenting a constitutional claim which was not preserved in the state tribunal, the federal habeas petitioner has the burden of showing to the district court that the failure to object or to appeal his claim was the product of his attorney's ignorance or oversight, not a deliberate tactic. If the non-objection was deliberate, the petitioner must show that counsel's particular decision amounted to a breach of the sixth amendment in order to overcome the *Wainwright* bar. Beyond this showing, the petitioner need not prove that counsel's overall representation fell outside "the range of competence demanded of attorneys in criminal cases." *Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir.1977).

Our decision is consistent with *Honeycutt v. Mahoney,* 698 F.2d 213 (4th Cir.1983), in which this court considered whether certain claims of ineffective assistance of counsel satisfied the "cause" prong of the *Wainwright* exception, as applied in *Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980) (en banc), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). The petitioner, Billy Honeycutt, had been convicted of murder in North Carolina. In his federal habeas petition, he alleged that the state trial court erred in failing to instruct the jury on self-defense and in assigning Honeycutt the burden of disproving malice. *See Mullaney v. Wilbur,* 421 U.S. 684, 95

S.Ct. 1881, 44 L.Ed.2d 508 (1975). Neither of these objections was preserved at trial or on appeal and were therefore forfeited under North Carolina procedural law. *See Honeycutt* at 215 n. 1. Honeycutt asked that the. *Wainwright* bar to federal review be lifted, asserting ineffectiveness of counsel as cause for the failure to object and appeal. Significantly, we did not dismiss the case for failure to exhaust state remedies with respect to any sixth amendment claim. Instead, the court looked closely at the facts and concluded that in each instance, counsel's nonobjection did not constitute ineffective assistance of counsel and that therefore Honeycutt did not make out cause. The court was not presented with any evidence that counsel's failure to object resulted from ignorance or inadvertence, rather than deliberate judgment on the part of counsel.[7]

■ We believe the district court erred in remarking that the "petitioner may well be able to establish 'cause' for his default but should do so in the first instance in the Virginia courts." The exhaustion requirement of 28 U.S.C. § 2254 pertains to independent claims for habeas relief, not to the proffer of *Wainwright* cause and prejudice. Of course, if the habeas petitioner asserts both attorney error as "cause" and a fresh claim of ineffective assistance as a ground for habeas relief, he may overcome the *Wainwright* bar, but he will be remanded without prejudice to the state courts for adjudication of his unexhausted sixth amendment claim. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (under 28 U.S.C. § 2254, a petition for habeas corpus containing both exhausted and unexhausted constitutional claims must be dismissed). However, this case presents no such claim of ineffectiveness as an independent ground for habeas relief and thus does not involve exhaustion questions at all; only the issue of what constitutes *Wainwright* cause is present here. Certainly neither justice nor judicial economy is served by mislabelling Carrier's proffer of cause as a claim of ineffective assistance which, as an independent, unexhausted ground for habeas relief, must be remanded to the state forum for further proceedings.[8]

## III.

■ We remand the case to the district court for two reasons. First, although the likelihood of attorney error appears very great in this case, we lack testimony from Carrier's counsel which might disclose a strategic reason for failing to appeal the *Brady* issue. The question of counsel's motivation is one of fact for the district court to resolve upon taking further evidence. *See Runnels v. Hess,* 653 F.2d 1359, 1364 (10th Cir.1981). Carrier may not be faulted for the present dearth of evidence, since he was unaware of its need until the eleventh hour in the district court proceedings.

Second, assuming Carrier proves attorney error as the cause for failing to appeal his *Brady* claim, the district court must still determine under the second prong of the *Wainwright* exception whether, in light of all the evidence, Carrier was prejudiced by the alleged constitutional error.

7. Our decision also aligns with *Crowell v. Zahradnick,* 571 F.2d 1257 (4th Cir.1977), *cert. denied,* 439 U.S. 956, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978), in which this court dismissed an unexhausted claim for habeas relief. As an alternative ground for decision, the court noted that the petitioner had not preserved his claim in state proceedings and had not offered any cause for failing to do so. *Id.* at 1258 n. 1. Here, on the other hand, Carrier's explanation for his procedural fault is forthrightly presented. Assuming his attorney acted out of ignorance or inadvertence—which remains for the district court to determine—Carrier has met the *Wainwright* cause requirement.

8. Furthermore, since this is not an exhaustion of remedies case, we need not inquire whether any state remedies in fact remain available to Carrier or whether further state proceedings would be futile due to the operation of Virginia law. *See Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982); *Crowell v. Zahradnick,* 571 F.2d 1257, 1259 n. 2 (4th Cir.1977), *cert. denied,* 439 U.S. 956, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978); *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680, 682 (1974), *cert. denied, sub. nom., Parrigan v. Paderick,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975); Va.S.Ct.R. 5:21, note 1 *supra.*

## IV.

We hold that an act or omission by counsel which evinces ignorance or oversight may constitute attorney error sufficient to satisfy the "cause" prong of the *Wainwright* exception. Deliberate nonobjection does not make out cause unless the decision amounts to ineffective assistance of counsel, which Carrier no longer contends in his case. We remand for the district court to determine whether counsel's failure to appeal the *Brady* issue was in fact attorney error or whether it was simply unsuccessful appellate strategy. The district court must also decide under *Wainwright* whether the withholding of evidence, if indeed a constitutional violation, prejudiced Carrier at trial. Accordingly, the judgment of the district court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.[9]

K.K. HALL, Circuit Judge, dissenting:

Flim-flam is too harsh a term, so I will instead say that defense counsel has persuaded the majority to consider on appeal a case entirely different from the one below. What was once an issue under *Jencks v. United States,*[1] defense counsel has now turned into an issue under *Brady v. Maryland.*[2] In addition, I do not agree with the majority that this case may fall under the "cause and prejudice" exception to the rule promulgated in *Sykes v. Wainwright,*[3] nor do I agree that exhaustion of state remedies is inappropriate in this case. I therefore dissent.

## I.

By indicating that petitioner may find protection under *Wainwright,* the majority refuses to take into consideration both the factual background to petitioner's underlying claim and the issue of exhaustion of state remedies. Petitioner's central claim is that the state trial judge improperly stifled discovery by applying the "exculpatory" test outlined in *United States v. Agurs,* 427 U.S. 97, 106, 96 S.Ct. 2392, 2398–2399, 49 L.Ed.2d 342 (1976), instead of the appropriate "materiality" test promulgated in *Brady v. Maryland,* 373 U.S. at 83, 83 S.Ct. at 1194,[4] when he denied petitioner's request for the original statements of government witnesses describing the assailants. Petitioner claims that he objected to this error at the time it occurred. Even the most cursory glance at the record, however, reveals a different story.

Nowhere in the record is there any reference to *Agurs* or *Brady* discovery tests. Instead, the record reveals that petitioner sought statements under *Jencks v. United States,* 353 U.S. at 657, 77 S.Ct. at 1007, for

9. To the extent that our opinion is inconsistent with *Washington v. Downes,* 475 F.Supp. 573 (E.D.Va.1979), that case is overruled.

1. 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).

2. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

3. 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

4. The *Brady* and *Agurs* tests are used to control discovery procedures. In *Brady,* the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment...." 373 U.S. 87, 83 S.Ct. 1197; *see also Chavis v. State of North Carolina,* 637 F.2d 213, 222 (4th Cir.1980). Pursuant to this standard, when a defendant makes a request to discover specific documents, he must be given these documents if they are "favorable" and "material to guilt." The *Brady* rule was refined and expanded in *Agurs,* where the Court held that the less rigorous "exculpatory" test was appropriate when a defendant makes an open-ended non-specific request for material. 427 U.S. at 106, 96 S.Ct. at 2398–2399. *See also Chavis,* 637 F.2d at 223. Pursuant to *Agurs,* the conclusion that due process was denied follows only if petitioner can show that the undisclosed evidence "might have affected the outcome of the trial." 427 U.S. at 104, 96 S.Ct. at 2398. In evaluating the trend among other circuits attempting to follow *Agurs,* this Court has concluded that "a new trial is required if there was a 'reasonable possibility' that the undisclosed evidence would have materially affected the verdict." *Chavis,* 637 F.2d at 223.

the purpose of cross-examination,[5] and that when his request was denied he objected solely on the basis of *Jencks.*[6] Petitioner did not object to the judge's use of an exculpatory test. Not only is the trial record devoid of a single *Brady* argument or objection, but even *after* the trial petitioner never mentioned *Brady* in his state habeas corpus petitions or his habeas petition to the federal district court.

Thus, even if there is a *Brady* issue in this case, it was never raised at the trial court level or on direct appeal.[7] Petitioner's request that this Court now review the issue flies directly in the face of the *Wainwright* doctrine. In *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–513, 30 L.Ed.2d 438 (1971), the Supreme Court emphasized that a petitioner may bring a federal habeas proceeding only if state courts have first had the opportunity to hear that claim. This holding was reaffirmed recently in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *See also Cole v. Stevenson*, 620 F.2d 1055 (4th Cir.1980) (where this Court refused to hear petitioner's due process claim because he had neither objected at trial nor appealed the issue, thereby denying the state an opportunity to rule on it). In my view, these cases are controlling and this Court must dismiss the instant case for failure to exhaust state remedies.

## II.

The majority suggests that petitioner may ultimately prevail under the "cause and prejudice" exception to *Wainwright* and that this case must therefore be remanded to the district court for an evidentiary hearing. I disagree. Assuming *arguendo* that petitioner could show cause under *Wainwright,* such a showing would merely underscore his failure to pursue Virginia state court remedies.

Under *Wainwright,* federal courts may not, absent a showing of cause and prejudice, take cognizance of constitutional issues in habeas corpus petitions by state prisoners which could have been, but which were not, raised before the state trial court when state procedural law requires that such matters be raised at trial to be considered on direct appeal. 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See also Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir.1978).

Although the Supreme Court did not define cause and prejudice, it suggested that actual prejudice in this context is tantamount to constitutional error which is not harmless beyond a reasonable doubt. 433 U.S. at 97–98, 97 S.Ct. at 2511–2512 (White, J., concurring) and at 117, 97 S.Ct. at 2522 (Brennan, J., dissenting). More recently, the Supreme Court held that to fall within the *Wainwright* exception relating to prejudice there must be actual, not possible, prejudice resulting in "actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). In the instant case, petitioner fails to make any

---

**5.** Trial tr. at 4.

**6.** "MR. BURNSIDE: [T]hen for the purposes of the record, the defendant would except to that ruling again on the basis of *Jencks v. United States,* stating that the defendant should have the opportunity to actually reviewing [sic] those statements." Trial tr. at 151–52.

**7.** It is highly unlikely that a valid *Brady* claim can be drawn from this case. Even if the Court were to ignore the references to *Jencks* and to read *Brady* into the trial transcript, petitioner has not prevailed upon the threshold issue of whether his request was specific enough to fall within the *Brady* rule. Even more importantly, he has made no showing that the suppressed material might have affected the outcome of

the trial. *See Agurs,* 427 U.S. at 105, 96 S.Ct. at 2398–2399; *Dozier v. Commonwealth,* 221 Va. 1113, 253 S.E.2d 655 (1979); *supra* note 4. The record in this case indicates that the state trial judge reviewed the statements and found them not to be exculpatory. Thus petitioner's argument—that he was subjected to an actual and substantial disadvantage infecting his entire trial because his appellate counsel failed to raise the *Brady* issue—is purely speculative. If an appellant could overturn any judicial denial of information with the unsupported assertion that the information might have changed the outcome of the trial, rules protecting nondisclosure would become farcical.

showing of an actual, much less substantial, disadvantage from his appellate counsel's failure to argue the alleged *Brady* issue on direct appeal. Instead, petitioner boldly asserts that he lost a "sure thing" reversal. This conclusory statement in no way fulfills the requirement of showing actual prejudice, and since petitioner does not present any evidence to substantiate his assertion, I can see no reason to remand this issue for an evidentiary hearing.

Similarly, petitioner claims that his appellate counsel's failure to argue the *Brady* issue on appeal also satisfies the "cause" prong of the exception to *Wainwright*. Appellant offers no evidence, however, to dispute the great likelihood that this was a tactical decision. Petitioner's appellate counsel originally included petitioner's present complaint in his notice of appeal, then subsequently decided not to brief it. In my view, this decision was both tactical and wise, as counsel undoubtedly recognized it as a weak issue. As the Supreme Court recently observed in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982): "Every trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit [a certain] argument while pursuing other avenues of defense.... [The Constitution] does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Id.* at 133–34, 102 S.Ct. at 1574.

I believe that the majority misreads *Wainwright* in concluding that such speculative attorney error—error which at worst falls far short of ineffective assistance of counsel—constitutes *Wainwright* cause. Such an extension of the cause standard emasculates the contemporaneous objection rule entirely. Under the majority holding, every time a defense attorney fails to object to an issue (thus, presumptively barring habeas corpus under *Wainwright*), the defendant can assert that his attorney's ignorance of the need for an objection was sufficient cause to avoid the *Wainwright* bar. This interpretation of the cause standard will ultimately allow the exception to swallow the rule.

## III.

At the time of petitioner's trial, Virginia had in effect a contemporaneous objection rule applicable both to trials and to appeal petitions. Rule 5:21, Rules of the Supreme Court of Virginia (1983).[8] The Virginia Supreme Court had also specifically held that state habeas corpus could not be used to raise issues, including federal constitutional issues, which could have been but were not raised at trial and on direct appeal. *Slayton v. Parrigan,* 215 Va. 27, 29–30, 205 S.E.2d 680, 682 (1974), *cert. denied, sub nom. Parrigan v. Paderick,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975). *See Crowell v. Zahradnick,* 571 F.2d 1257, 1258 n. 1, 1259 n. 2 (4th Cir.1977).

Virginia procedure, however, accommodates excuses for failure to comply with the requirement that allegations of trial court error be specifically noted on appeal when there is justifiable cause for the procedural default. Even if errors were not made the subject of a timely direct appeal, the Virginia Supreme Court will, in some circumstances, permit a delayed appeal. *See Miller v. Commonwealth,* 217 Va. 929, 930, 234 S.E.2d 269 (1977). Furthermore, and of critical importance to this case, if there was good cause for a criminal defendant's failure to raise trial error on direct appeal, it can be addressed in a state habeas corpus proceeding notwithstanding the usual rule that state habeas is available only to attack detention on grounds which could not have been raised at trial or on direct appeal. *Slayton v. Parrigan,* 215 Va. at 27, 205 S.E.2d at 680.

---

**8.** Rule 5:21 of the Rules of the Supreme Court of Virginia provides in part:

> Error will not be sustained to any ruling below unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. Only errors assigned in the petition for appeal will be noticed by this Court and no error not so assigned will be admitted as a ground for reversal of a decision below.

Here, the alleged error was counsel's failure to argue *Brady* on direct appeal. Because this error occurred during the appellate process, and the state courts had no opportunity to rule on it, petitioner should have subsequently brought a habeas corpus petition, alleging ineffective assistance of counsel, in the state trial court.

In *Washington v. Downes*, 475 F.Supp. 573, 577 (E.D.Va.1979), the Federal District Court for the Eastern District of Virginia specifically stipulated that a petitioner could not bypass Virginia state remedies by making a challenge under the cause exception to *Wainwright*. *See also Richardson v. Turner*, 716 F.2d 1059 (4th Cir.1983) (indicating state courts should be allowed to apply their own "good cause" rules before federal courts can rule on a petition); *Crowell v. Zahradnick*, 571 F.2d at 1258 n. 1, 1259 n. 2; 28 U.S.C. Sec. 2254(b) and (c).[9] The Supreme Court provided strong support for *Downes* and *Richardson* in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), by holding that a petitioner may bring a federal habeas proceeding only after state courts have had an opportunity to hear that claim. Consequently, even if petitioner could prove cause and prejudice under the *Wainwright* exception, the case still must be dismissed for failure to exhaust state remedies.

Petitioner's contention that exhaustion would only be an exercise in futility, is clearly meritless in light of the more important considerations of comity, federalism, and the orderly administration of criminal justice.[10]

9. Title 28 U.S.C. Sec. 2254(b) and (c) provide:
   (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law

of the State to raise *by any available procedure,* the question presented. (emphasis added).

10. In *Huffman v. Persue,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) the Supreme Court stated: "[T]he considerations of comity and federalism which underlie *Younger* permit no truncation of the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious." *Id.* at 610, 95 S.Ct. at 1211. *See also Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).